## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2544 | **DATE** | June 24, 2008 |
| **CASE TITLE** | United States ex rel. Tobias Garrett (#R-05862) vs. Warden Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to reopen the case. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

Tobias Garrett, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for first degree murder on the grounds that: (1) defense counsel was ineffective in multiple respects, and the state courts' determination that the petitioner's representation satisfied constitutional strictures was unreasonable; (2) the evidence failed to establish the petitioner's guilt beyond a reasonable doubt; and (3) the petitioner's sentence violated state and federal law.

By Minute Order of June 6, 2008, the court dismissed this case in light of the petitioner's failure either to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. However, the petitioner belatedly paid the statutory filing fee on the same date the dismissal order was entered. Accordingly, the Clerk is directed to reopen the case.

The petitioner indicates that he has exhausted state court remedies with respect to all but one of the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. The respondent is therefore ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

    The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

    Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General is not a proper party.